944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duane WHITMORE, James F. Taylor, Plaintiffs-Appellants,
v.
George SUMNER, Harol Whitley, Don Helling, Roger Jacobs,
Defendants-Appellees.
 No. 89-15861.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1991.*
Decided Sept. 17, 1991.
 
 1
 Before FLETCHER, WILLIAM A. NORRIS and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an appeal from a summary judgment for the defendant prison officials in a § 1983 action based on allegations that prison officials violated the Eighth Amendment when they exposed plaintiff prisoners to HIV (Human Immunodeficiency Virus). The gravamen of plaintiffs' complaint is that prison officials allowed an HIV-infected inmate who had previously thrown his bodily fluids at fellow inmates to serve as a food services worker carrying meals to cells. We affirm because plaintiffs have failed to present sufficient evidence that would support a judgment after trial, especially when the evidence is viewed in light of the strict standards for prison condition cases recently announced by the Supreme Court. See Wilson v. Seiter, 111 S.Ct. 2321 (1991).
 
 
 4
 In Wilson, the Court held that a prisoner claiming that certain prison conditions violate the Eighth Amendment must show a culpable state of mind on the part of prison officials. Id. at 2324. The Court thus declared that the inquiry in cases challenging prison conditions did not only have an objective component (was the deprivation of rights sufficiently serious?), but also a subjective component (did the officials act with a sufficiently culpable state of mind?). Id. In the present case, plaintiffs have not offered sufficient evidence to sustain a finding of constitutional violation under Wilson's subjective standard. The district court's judgment is therefore AFFIRMED.
 
 FLETCHER, Circuit Judge, dissenting:
 
 5
 I respectfully dissent.
 
 
 6
 Plaintiffs sought both injunctive relief and compensatory and punitive damages. Clearly, plaintiffs are not entitled to injunctive relief: as the HIV infected inmate has been removed from contact with plaintiffs, this claim is now moot. However, the plaintiffs' claim for damages remains viable. With regard to this claim, I believe the district court's award of summary judgment for the defendants should be reversed because there exist genuine issues of material fact. I disagree with the majority's conclusion that plaintiffs have failed to present evidence that would support judgment after trial.
 
 
 7
 As the majority states, to succeed plaintiffs must show both that the defendants' conduct resulted in a sufficiently serious deprivation of rights, and that defendants acted with a sufficiently culpable state of mind. See Wilson v. Seiter, --- U.S. ----, 111 S.Ct. 2321 (1991). Here, plaintiffs presented evidence that prison officials placed plaintiffs in contact with an HIV-infected inmate who had not only thrown his urine at other inmates, but had also engaged in self-mutilation in an effort to infect other persons through contact with his blood. Plaintiffs also presented evidence that suggested that prision officials had taken precautions to protect the staff of the correctional facility, but did not show similar concern for the safety of the prisoners: the HIV-infected inmate was placed in the unit where he came into contact with plaintiffs precisely because he had engaged in behaviour that endangered others. I cannot conclude as a matter of law that a reasonable jury, faced with such facts, could not find a violation of plaintiffs' eighth amendment rights.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3